IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES NEAL, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-19-1367 |
| LUCKY STAR RESTAURANT, INC. *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Lucky Star Restaurant, Inc.'s ("Lucky Star") Motion to Dismiss for Lack of Prosecution Pursuant to Rule 41(b) ("Motion") (ECF No. 30).[1] Plaintiff James Neal ("Neal") has not responded to the Motion and the time for doing so has passed. *See* Loc. R. 105.2. No hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, Lucky Star's motion will be granted and this case will be dismissed without prejudice.

## I.   PROCEDURAL HISTORY

On May 9, 2019, Neal commenced this action against multiple defendants, including Lucky Star, by filing a complaint alleging public accommodation and physical access violations of the Americans with Disabilities Act at the Defendants' restaurant. ECF No. 1. On June 14, 2019, Lucky Star filed a motion seeking an order "quash[ing] service on Defendant for inadequacy of service of process." ECF No. 18 at 1. Neal did not respond to Lucky Star's motion. The Court

---

[1] Neal and Lucky Star have both filed notice of their consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Fourth Circuit Court of Appeals if an appeal if filed, pursuant to 28 U.S.C. § 636(c).

granted Lucky Star's motion on July 17, 2019. ECF No. 23. The Court ordered Neal to prepare a new summons for Lucky Star and serve the new summons properly within 30 days. *Id.*

On July 23, 2019, Neal filed a summons for each of the defendants in this case (Lucky Star, Xia Cai, and Bobby F. Cheung) for issuance by the Clerk. ECF No. 24. The Clerk reissued each requested summons on July 24, 2019. ECF No. 25. On October 16, 2019, Lucky Star filed its answer to Neal's Complaint. ECF No. 26. Neal did not file proof of service for defendants Xia Cai and Bobby F. Cheung.

On October 15, 2020, Lucky Star filed a request for the Court to issue a scheduling order. ECF No. 27. The Court issued a scheduling order immediately and directed Neal "to file proof of service as to Defendants Xia Cai and Bobby F. Cheung in accordance with Fed. R. Civ. P. 4(l), (m) by 10/29/2020." ECF Nos. 28 & 29. Neal did not comply with the Court's order directing him to file proof of service for Xia Cai and Bobby F. Cheung. More than three months have since passed and Neal has still not complied with the Court's order directing him to file proof of service for these defendants.

On November 6, 2020, the Court, through the undersigned's judicial assistant, emailed counsel for the parties to schedule a telephone conference to "discuss the status of this case." ECF No. 30-1 at 1. Counsel for Lucky Star responded to the email but counsel for Neal never responded. Three months have since passed and counsel for Neal has still never responded.

## II.  DISCUSSION

Lucky Star moves to dismiss this case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). ECF No. 30. Neal has not responded to the Motion. Under Rule 41(b) the Court has authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with . . . a court order." *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("[W]hen a party deceives a

court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action."). Rule 41(b) is part of the Court's "comprehensive arsenal of Federal Rules and statutes to protect [itself] from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991).

Dismissal under Rule 41(b) is a "drastic penalty" that is only appropriate in "extreme circumstances." *Attkisson v. Holder*, 925 F.3d 606, 640 (4th Cir. 2019), *as amended* (June 10, 2019). In exercising its discretion to determine whether a case should be dismissed under Rule 41(b), the Fourth Circuit requires the Court to consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.*

In this case, Neal violated the Court's order directing him to file proof of service for Xia Cai and Bobby F. Cheung. *See* ECF No. 29. Neal also ignored a request from the Court to make himself available for a telephone case management conference. Neal appears to have abandoned this litigation. He has not participated in this case since July 23, 2019. *See* ECF No. 24.

Regarding the first factor, Neal is responsible for the violation of the Court's order and disregard of the Court's scheduling request. It is unclear whether Neal himself, Neal's counsel, or both are to blame for these failures. Typically, proving service and responding to scheduling requests from the Court are functions of counsel. In any event, these failures are solely attributable to Plaintiff. They were not caused by the Court or the defendants. This factor weighs in favor of dismissal.

The prejudice caused to Lucky Star from Neal's failure to comply with the Court's orders and prosecute his case weighs in favor of dismissal. Neal filed this lawsuit against Lucky Star (and

against Xia Cai and Bobby F. Cheung, although there is no record they have been properly served) and then abandoned it. Because he abandoned the case without dismissing it, Lucky Star is left to defend itself, potentially incurring expenses in connection with a case that Neal has no intention to pursue. This factor weighs in favor of dismissal.

The third factor also weighs in favor of dismissal. Although this case has been pending for over 18 months, little progress has been made. This is due in part to Neal's violation of the Court's order requiring him to prove service for two of the defendants and his disregard of the Court's request for him to participate in a case management conference. Neal did not respond to Lucky Star's previous motion to quash (ECF No. 18) and he has not responded to Lucky Star's Motion to Dismiss (ECF No. 30). Neal's indifference to complying with the Court's orders and to prosecuting this case weighs in favor of dismissal.

Finally, the fourth factor weighs in favor of dismissal. Lucky Star's Motion to Dismiss specifically requests that the case be dismissed pursuant to Rule 41(b). The Motion was served on Neal, through his counsel, by means of the Court's electronic filing system. *See* ECF No. 30 at 3. Despite being aware of Lucky Star's request for the dismissal of his case, Neal has ignored the Motion. Neal has made no effort to explain his noncompliance with the Court's order and his disregard of the Court's scheduling request. He has presented no reason why this case should not be dismissed. During the ongoing COVID-19 pandemic, the Court's resources have been strained. The Court cannot afford to waste time reminding unresponsive litigants to comply with its orders and to respond to its scheduling requests. Short of dismissal, it is unclear what sanction might be effective. The Court finds that dismissal is the only effective option.

Balancing these factors, the Court finds that dismissal without prejudice is appropriate. It is unclear whether Neal or his attorney is responsible for the violation of the Court's order and the

disregard of the Court's request for scheduling. Neal has offered no explanation for his conduct

and he has not opposed Lucky Star's Motion to Dismiss. But because there is a chance that Neal's

attorney is responsible for the conduct discussed above, the Court finds that dismissal without

prejudice is an appropriate sanction. Although Neal's violation of the Court's order and non-

prosecution of his case are serious litigation failures, dismissal with prejudice would be too severe

a sanction if the blame for these failures fell solely on Neal's attorney. Accordingly, the Court will

dismiss this case without prejudice.

## III.    CONCLUSION

For these reasons, Lucky Star's Motion (ECF No. 30) will be granted. A separate Order

dismissing the case without prejudice will accompany this Memorandum Opinion.


<u>February 10, 2021</u>                        _____/s/_____
Date                                         Timothy J. Sullivan
                                             United States Magistrate Judge